1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   JONATHAN E. PARKS,
                                              CASE NO. 3:17-cv-05884-BHS-DWC
11                      Plaintiff,
                                              ORDER TO SHOW CAUSE OR
12        v.                                  AMEND

13   RON HAYNES, et al.,

14                      Defendant.

15

16        Plaintiff Jonathan E. Parks, proceeding *pro se* and *in forma pauperis*, filed this civil

17   rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint

18   under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave

19   to file an amended pleading by December 15, 2017, to cure the deficiencies identified herein.

20                              **BACKGROUND**

21        Plaintiff, who is housed at the Washington State Penitentiary, filed this § 1983 action. It

22   appears Plaintiff's allegations occurred when he was previously housed at the Clallam Bay

23   Corrections Center. He alleges that his civil rights were violated when prison staff allegedly

24   retaliated against him for filing complaints, denying him showers, proper clothing, food, and

access to his legal papers and the law library. Dkt. 4 at 14-15. He also claims he was denied

adequate food after going on a hunger strike for three days. *Id*. at 14. Though he includes

numerous kites and grievances disbursed amongst his Complaint, he does not explain how any

particular person or persons violated his rights. *See* Dkt. 4. He requests relief in the form of

monetary damages for his denial of food and additional damages for "preventing access to the

courts[,] . . . preventing contacting attorney[,] . . . [and] misuse of the [disciplinary] proceeding."

*Id*. at 26.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton*

*v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

## I.       Personal Participation

Plaintiff makes broad allegations that his constitutional rights were violated when prison staff retaliated against him by depriving him of food, clothing, and access to the courts. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, Plaintiff has failed to allege the personal participation of any Defendants. He has provided a list naming all Defendants. Dkt. 4 at 2. However, he does not describe how any Defendants actually deprived Plaintiff of his constitutional rights. He alleges that he was deprived food, showers, clothing, and access to the courts, and that the disciplinary process was unlawfully used against him. *Id*. at 14-15. He further alleges that his legal mail is being tampered with and he has been denied access to legal phone calls as part of a sanction. *Id*. at 15. Though these may amount to allegations of constitutional violations, Plaintiff does not explain how any particular Defendant contributed to these alleged injuries. Rather, he relies on conclusory allegations, stating broadly that his rights were violated. Because Plaintiff has not alleged personal participation by Defendants, he has not yet stated a claim under § 1983 for which relief

can be granted. Therefore, the Court orders Plaintiff to show cause or file an amended complaint remedying the deficiencies noted herein.

## II.      Instruction to Plaintiff

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) *exactly what the individual did or failed to do*; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Further, if Plaintiff intends to include grievances or kites with his amended complaint, they should be attached to the end as exhibits, not distributed throughout the body of his Complaint.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before December 15, 2017, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

**CONCLUSION**

For the reasons stated above, the Court declines to serve Plaintiff's Complaint at this time. However, the Court provides Plaintiff with an opportunity to file an amended complaint.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.


Dated this 13th day of November, 2017.

David W. Christel
United States Magistrate Judge