UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN E. PARKS,<br><br>        Plaintiff,<br><br>    v.<br><br>RON HAYNES, et al.,<br><br>        Defendants. | CASE NO. 3:17-cv-05884-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 27, 2018 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Jonathan E. Parks, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action.

Plaintiff has filed claims against the Department of Corrections ("DOC") and the Clallam Bay Corrections Center ("CBCC") as well as twelve other individual defendants, alleging his Eighth Amendment protections were violated when defendants failed to replace a meal with a spider in it, and when DOC recalled their bread products and then failed to provide full meals for several days. However, DOC and CBCC are not "persons" under § 1983 and cannot be sued here. Further, Plaintiff has failed to explain the personal participation of seven Defendants in the

REPORT AND RECOMMENDATION - 1

body of his Amended Complaint. Finally, plaintiff's deprivation of a single, isolated meal does not amount to an Eight Amendment violation. Therefore, the Court recommends Defendants' Motion to Dismiss be granted which will thereby dismiss Defendants Ron Haynes, Carrol Riddle, Brian Zavodny, Gerald Banner, Robert Monger, Edwin Reetz, and Brian Bower without prejudice. In addition, Plaintiff's claims against Defendants McKenney, Roos, DOC, and CBCC should be dismissed with prejudice. Thus, the only remaining Defendants would be: Steven Sinclair, Jody Becker-Green, and Glenda Watson.

## BACKGROUND

Plaintiff initially filed his Complaint in October of 2017. Dkt. 1. Pursuant to an Order from this Court (Dkt. 5), Plaintiff filed an Amended Complaint (Dkt. 6). In the Amended Complaint, Plaintiff alleges his Eighth Amendment rights were violated when he received a meal with a spider in it and Defendants declined to replace the meal. *Id*. He further alleges he received insufficient nutrition when DOC recalled its bread products and failed to replace the bread products with alternatives. *Id*.

Defendants Jody Becker-Green, Stephen Sinclair, and Glenda Watson filed an Answer in response. Dkt. 25. The remaining Defendants filed a Motion to Dismiss. Dkt. 26. The remaining Defendants argue Defendants DOC and CBCC are not appropriate Defendants in this case, Plaintiff neglected to describe the actions of seven Defendants in his Amended Complaint, and being denied a single meal is not enough to plead an Eight Amendment violation. *Id*. They do not challenge Plaintiff's food recall argument. Plaintiff did not file a response to the Motion to Dismiss. *See* Dkt.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**DISCUSSION**

**I.     Improper Defendants**

Plaintiff names both the DOC and the CBCC as defendants in this action. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. However, an agency that is an arm of the state is not a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Here, the DOC is an agency that is an arm of the state, and CBCC is part of the

DOC. Neither of these entities qualify as a "person" for a § 1983 action. Therefore, because plaintiff cannot state a claim for which relief can be granted against these two defendants, the Court recommends granting defendants' motion and dismissing these defendants with prejudice.

## II.    Personal Participation

Though Plaintiff names twelve individuals in his complaint,[1] he does not include the actions of seven of them. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, Plaintiff has named, but failed to explain the actions of, seven Defendants (Ron Haynes, Carrol Riddle, Brian Zavodny, Gerald Banner, Robert Monger, Edwin Reetz, and Brian Bower). Because he does not even mention them in his Amended Complaint, Plaintiff has both failed to state a claim against them and failed to allege personal participation. Further, because Plaintiff did not respond to Defendants' Motion to Dismiss and elaborate on the actions of these seven Defendants, the Court cannot tell whether amendment could remedy this deficiency. Therefore, the Court recommends granting Defendants' Motion to Dismiss as to these seven Defendants and dismissing them without prejudice.

---

[1] The Court did not include the DOC, CBCC, or Plaintiff's three "John Doe" Defendants in this count. *See* Dkt. 6 at 2-3.

### III. Eighth Amendment Claims

Finally, Plaintiff alleges his Eighth Amendment protections were violated when he was provided food with a spider in it and subsequently denied a replacement meal. To state a claim for unconstitutional conditions of confinement, a plaintiff must allege Defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and the Defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai¸* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied*, 532 U.S. 1065 (2001). In addition, in order to violate the Eighth Amendment, the prison official must have a "sufficiently culpable" state of mind, meaning the official acted with deliberate indifference to the health or safety of Plaintiff. *Farmer*, 511 U.S. at 834.

Here, Plaintiff alleges Defendants McKenney and Roos violated his Eighth Amendment protections because they did not provide him a replacement meal after he explained to them his first meal had a spider in it. However, this does not state a claim under the Eighth Amendment. Deprivation of food can be a violation of the Eighth Amendment. *See Foster v. Runnels*, 554 F.3d 807, 811-12 (9th Cir. 2009). Though finding a spider in one's food, would be an extremely unpleasant experience, failing to replace a single, isolated meal is not of the same nature or duration required to amount to an Eighth Amendment violation. *See*, *e.g.*, *Darting v. Farwell*, 139 Fed. App'x 847, 2005 WL 1654037 at *1 (9th Cir. 2005) (citing *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (finding prison staff's purposeful deprivation of a single meal does not amount to a constitutional violation). Because of this, Plaintiff cannot state a claim that

1  his Eight Amendment protections were violated in these circumstances. Therefore, the Court

2  recommends the claim against Defendants McKenney and Roos be dismissed with prejudice.

### CONCLUSION

4  For the foregoing reasons, the Court recommends Defendants' Motion to Dismiss (Dkt.

5  26) be granted. Defendants DOC and CBCC should be dismissed with prejudice, Plaintiff's

6  claims against seven named Defendants (Ron Haynes, Carrol Riddle, Brian Zavodny, Gerald

7  Banner, Robert Monger, Edwin Reetz, and Brian Bower) should be dismissed without prejudice,

8  and Plaintiff's Eighth Amendment claim against Defendants McKenney and Roos should be

9  dismissed with prejudice.

10  The Court notes the Eighth Amendment claim against Defendants Steven Sinclair, Jody

11  Becker-Green, and Glenda Watson pertaining to a bread recall and subsequent alleged failure to

12  provide full meals remains in the case.

13  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

14  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

15  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

16  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

17  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 27,

18  2018, as noted in the caption.

19  Dated this 10th day of April, 2018.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge