UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN E. PARKS,

    Plaintiff,

v.

RON HAYNES, et al.,

    Defendants.

CASE NO. 3:17-cv-05884-BHS-DWC

ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff Jonathan E. Parks, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. Dkt. 1-1. Before the Court is Plaintiff's Motion for Appointment of Counsel ("Motion"). Dkt. 31. Defendants have filed a Response opposing Plaintiff's Motion. Dkt. 32.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff's brief Motion requests appointed counsel because he cannot afford counsel, "[t]he issues involved in the case are complex and will require significant research and investigation," and counsel would be better equipped than Plaintiff himself to handle the conflicting testimony likely to arise at trial. Dkt. 31. However, this does not amount to the exceptional circumstances required to appoint counsel. Plaintiff does not address the merits of his claims in his Motion. However, his Amended Complaint alleges Defendants violated his Eighth Amendment protections when they organized a bread recall that left Plaintiff without bread for several days. Dkt. 6. The merits of this claim are unclear because, without further evidence, the Court is not sure going without bread for several days rises to the level of a constitutional violation. Further, Plaintiff's allegations that he received insufficient food is relatively straight forward. He has so far been able to articulate the legal and factual bases for his claims adequately for the Court. Thus, because the merits of his action are unclear, but he is otherwise able to adequately articulate his claims, Plaintiff has not shown the exceptional circumstances necessary for the Court to appoint counsel.

Therefore, Plaintiff's Motion (Dkt. 31) is denied without prejudice.

Dated this 26th day of June, 2018.

*David W. Christel*
United States Magistrate Judge