UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN E. PARKS,

                Plaintiff,

    v.

RON HAYNES, et al.,

                Defendants.

CASE NO. 3:17-cv-05884-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: October 19, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Jonathan E. Parks, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on October 26, 2017. Dkt. 1.

Plaintiff alleges Defendants provided him with inadequate food for a period of time in May of 2017. However, Defendants have provided, and Plaintiff has not disputed, evidence Plaintiff received adequate meals during the alleged period. Because the facts are undisputed and Plaintiff provides no opposition to Defendants' Motion for Summary Judgment ("Motion") (Dkt. 35), the Court recommends Plaintiff's action be dismissed.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff alleges he was provided inadequate food at the Clallam Bay Corrections Center ("CBCC") for a period of days during a bread recall. Dkt. 6. He also alleged he received a sack lunch with a spider in it. *Id*. On May 5, 2018, pursuant to a Motion to Dismiss filed by Defendants, Dkt. 26, and a Report and Recommendation entered by the undersigned magistrate judge, Dkt. 28, Plaintiff's sack lunch claim was dismissed, Dkt. 29.

Defendants have now filed this Motion, arguing Plaintiff's remaining claims should also be dismissed because Plaintiff has failed to allege personal participation as to several Defendants and has failed to state a claim under the Eighth Amendment for which relief may be granted. Dkt. 35. Plaintiff has not filed any opposition. *See* Dkt.

## II. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting

materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

In addition, if a party fails to respond to a motion, the Court may construe that failure to respond as an admission the motion has merit. LCR 7(b)(2); *see also Heggem v. Kenney*, No. 08–cv–0437–RAJ, 2009 WL 2486136 (W.D. Wash. Aug. 12, 2009) (finding the Court may construe a *pro se* prisoner's failure to respond to a motion for summary judgment as an admission the motion has merit).

### III. Discussion

#### A. Personal Participation

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must show the individually named defendant caused, or personally participated in causing, the alleged harm. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). As such, in a § 1983 action, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a supervisor may only be liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

violation." *Id.* at 646 (citation omitted). Such liability can be imposed, for instance, if the supervisor knew or reasonably should have known his subordinates would cause constitutional injury, or if his own conduct showed reckless indifference to the rights of others. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal citations and quotation marks omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is only liable for his subordinates' constitutional violations if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Here, Plaintiff argues Defendants Becker-Green and Sinclair should be held liable because they were "legally responsible for the overall operation of the Department and each institution under its jurisdiction including [CBCC]." Dkt. 6, p. 3. He alleges Defendants Becker-Green and Sinclair issued a bread recall, but "failed to instruct CBCC to compensate [with alternative, additional food, and] therefore their actions are deliberate and negligent." *Id*. However, this is insufficient to show personal participation. Though it is undisputed Defendant Becker-Green and Sinclair were involved in issuing a bread recall, Plaintiff has provided no evidence they participated in or affirmed any failure to compensate for the bread recall. Plaintiff has merely superficially alleged supervisory liability – a vicarious liability theory that is unavailable in § 1983 actions. *See Hansen*, 885 F.2d at 645-646. Therefore, the Court finds Plaintiff has failed to adequately demonstrate the personal participation of Defendants Becker-Green and Sinclair. Accordingly, the Court recommends the claims against Defendants Becker-Green and Sinclair be dismissed.

B. <u>Eighth Amendment Allegations</u>

The Eighth Amendment's prohibition on cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing,

1 | shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832
2 | (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To state a claim for unconstitutional
3 | conditions of confinement, a plaintiff must allege a defendant's acts or omissions have deprived
4 | the prisoner of "the minimal civilized measure of life's necessities" and that the defendant acted
5 | with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48
6 | F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v.*
7 | *Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir. 2002). "The circumstances, nature, and
8 | duration of a deprivation of [ ] necessities must be considered in determining whether a
9 | constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert.*
10 | *denied,* 532 U.S. 1065 (2001).

11 | To violate the Cruel and Unusual Punishments Clause, a prison official must have a
12 | sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-
13 | conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or
14 | safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). A prison official does not act
15 | with deliberate indifference "unless the official knows of and disregards an excessive risk to
16 | inmate health or safety." *Farmer,* 511 U.S. at 837.

17 | To succeed on a deliberate indifference claim for inadequate food, Plaintiff must show he
18 | has been denied "the minimal civilized measure of life's necessities," such as adequate,
19 | nutritious food. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). "The Eighth Amendment
20 | requires only that prisoners receive food that is adequate to maintain health; it need not be tasty
21 | or aesthetically pleasing." *Id*. (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir.
22 | 1977)). Indeed, prisoners do not even have a constitutional right to hot meals so long as the food
23 | provided is adequate to maintain a prisoner's health. *See Garnica v. Wash. Dep't of Corr.*, 965 F.
24 |

1 Supp. 2d 1250, 1267 (W.D. Wash. 2013). Further, even a deprivation of food will not rise to a

2 constitutional violation unless a prisoner can demonstrate a staff member deprived the food with

3 deliberate indifference. *Maloney v. Ryan*, 711 Fed. App'x 372, 373-74 (9th Cir. 2017).

4       Plaintiff alleges he was deprived of adequate food from May 19, 2017, to May 23, 2017,

5 during a bread recall. Dkt. 6, p. 3. However, Defendants have provided undisputed evidence that

6 this was not the case. Defendants have provided evidence CBCC acquires most of its food from

7 Correctional Industries, an organization run by the Department of Corrections, and most of that

8 food comes from either the Coyote Ridge Corrections Center ("CRCC") or the Airway Heights

9 Corrections Center ("AHCC"). Dkt. 37, p. 2. On May 18, 2017, CBCC staff were informed there

10 was water contamination at AHCC, the contamination effected the food produced at AHCC, and

11 CBCC staff began pulling potentially effected food to ensure it was not fed to CBCC prisoners.

12 *Id*. Staff substituted the pulled food with other available food and immediately began contacting

13 local suppliers to provide additional substitutes. *Id*. CBCC contracted with Franz Bakery to

14 provide the substitutes, and when substitutes were unavailable, staff would provide a double

15 portion of available food to ensure meals were adequate. *Id*., p. 3. Even after AHCC was back in

16 operation and supplying food to CBCC, CBCC continued contracting with Franz to ensure all

17 prisoners received adequate food. *Id*.

18       Plaintiff has disputed none of these facts. Thus, reading the facts in the light most

19 favorable to Plaintiff, the undisputed facts indicate Plaintiff was not provided insufficient or

20 inadequate food. To the contrary, the undisputed facts show Defendants went to great lengths to

21 ensure Plaintiff and other prisoners were provided with adequate food during the bread recall.

22 *See* Dkt. 37. Further, Plaintiff has not shown Defendants acted with deliberate indifference. As

23 noted above, far from acting with deliberate indifference, Defendants went to great lengths to

24

1 ensure Plaintiff and his fellow prisoners received adequate food. They substituted food already at
2 the facility when possible, contracted with an outside bakery to ensure additional substitutes
3 were available, and, when substitutes were unavailable, Defendants provided double portions of
4 the food that was available to ensure all prisoners' meals were adequate. Dkt. 37.

5       The undisputed facts show Defendants provided adequate food to Plaintiff and they did
6 not act with deliberate indifference. Therefore, the Court finds Plaintiff has failed to demonstrate
7 his Eighth Amendment protections were violated. Accordingly, the Court recommends Plaintiff's
8 Eighth Amendment claims be dismissed as to all Defendants.

9       C. <u>Declaratory and Injunctive Relief</u>

10       Defendants argue Plaintiff's request for declaratory and injunctive relief should be denied
11 as moot because Plaintiff has now been transferred away from CBCC. Dkt. 35, p. 11. "[W]hen a
12 prisoner is moved from a prison, his action will usually become moot as to conditions at that
13 particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d
14 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending
15 generally will moot any claims for injunctive relief relating to the prison's policies unless the suit
16 has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff
17 shows there is a "reasonable expectation" or "demonstrated probability" he will return to the
18 prison from which he was transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.
19 1986).

20       Here, the record indicates Plaintiff was incarcerated at the Washington State Penitentiary
21 when he filed this action, and is still housed at that facility. *See* Dkt. 4, p. 2. However, the
22 allegations in his Complaint pertain to conditions of confinement at CBCC. Dkt. 4. Therefore,
23 any injunctive relief he requests is now moot because he no longer resides at CBCC and he has
24

1  not demonstrated there is a "reasonable expectation" he will return to CBCC. Accordingly, the
2  Court recommends dismissing any request for declaratory or injunctive relief against conditions
3  at CBCC as moot.

4      D. Qualified Immunity

5      Defendants also argue they are entitled to qualified immunity. Dkt. 35, pp. 8-11.
6  However, the Court has already concluded Plaintiff's claims should be dismissed on the merits.
7  Therefore, the Court declines to make a determination as to whether Defendants are entitled to
8  qualified immunity at this time.

9  **IV.  Conclusion**

10      Based on the foregoing, the Court concludes Plaintiff has not shown there is a dispute of
11  material fact that would preclude summary judgment. Accordingly, the Court recommends
12  Defendants' Motion (Dkt. 35) be granted and Plaintiff's action be dismissed.

13      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
14  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
15  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
16  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
17  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
18  October 19, 2018, as noted in the caption.

20      Dated this 28th day of September, 2018.

                                        David W. Christel
                                        United States Magistrate Judge